FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2015 MAY 27  PM 4: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

UNITED STATES OF AMERICA

v.

CHARLES C. BARNES and
CHARLES J. PEDOTO

CASE NO. 2:15-cr-10- FtM -29DNF

18 U.S.C. § 371
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A
18 U.S.C. § 2
18 U.S.C. § 1029(c)(1)(C) - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

**Conspiracy to Commit Access Device Fraud – 18 U.S.C. § 371**

### A. Introduction

At all times material to this Indictment:

1.      CHARLES C. BARNES and CHARLES J. PEDOTO, residents of Collier County, Florida, in the Middle District of Florida, fraudulently used the means of identification of individuals throughout the United States, without said individuals' knowledge and permission, and generated false and fraudulent credit transactions using those stolen means of identification through a fictitious business entity they created.

2.      RB76 NN8 LLC, doing business as Robertson Steak, with a claimed address of 107 N. Broadway, De Pere, WI 54115, was a fictitious restaurant through which CHARLES C. BARNES and CHARLES J. PEDOTO fraudulently charged credit cards utilizing the stolen means of identification of individuals.

3.      Moneris Solutions Corporation (hereinafter "Moneris") was a payment processing company that handled credit and debit card transactions for merchants located in North America. Moneris processed credit card transactions purportedly from Robertson Steak beginning in or about April 2014.

4.      Citizens Bank & Trust Company was a financial institution in the State of Virginia, the deposits of which were insured by the Federal Deposit Insurance Corporation.

5.      A UPS Store located at 13650 Fiddlesticks Boulevard, Suite 202, Fort Myers, Florida 33912 (hereinafter "the UPS Store") was a community small business resource center which offered such services as mailbox services and packing and shipping. With the mailbox services, the UPS Store accepted packages from all carriers to include FedEx, and kept these packages secure until the intended recipient was ready to pick them up.

## B. The Conspiracy

6.      From a date unknown to the Grand Jury, but at least as early as on or about April 9, 2014, and continuing through and including on or about May 11, 2014, in the Middle District of Florida and elsewhere,

2

**CHARLES C. BARNES and
CHARLES J. PEDOTO,**

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit certain offenses, namely:

    a.    to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

    b.    to knowingly transfer, possess and use, without lawful authority, a means of identification of another person during and in relation to the felony offense of access device fraud, in violation of Title 18, United States Code, Section 1028A.

### C. <u>Manner and Means of the Conspiracy</u>

7.    It was a part of the conspiracy that the defendants and others would and did create a fictitious restaurant known as Robertson Steak.

8.    It was further part of the conspiracy that the defendants would and did use the personal identifying information of another person, J.R., as the purported owner of Robertson Steak and incorporated the fictitious restaurant.

9.    It was further part of the conspiracy that the defendants would and did submit via e-mail a merchant application to Moneris to open an account for payment processing of credit cards purportedly used at the fictitious restaurant.

10.     It was further part of the conspiracy that the defendants and others would and did open a bank account at Citizens Bank and Trust in the name of Robertson Steak to receive payment processing deposits from Moneris.

11.     It was further part of the conspiracy that the defendants and others would and did obtain stolen credit and debit card account numbers and information.

12.     It was further part of the conspiracy that the defendants would and did create counterfeit access devices by re-encoding the magnetic strips of access devices using the stolen credit and debit card information.

13.     It was further part of the conspiracy that the defendants would and did use, possess, and transfer the stolen credit and debit card numbers without the true account holders' knowledge and permission.

14.     It was further part of the conspiracy that the defendants and others would and did use and attempt to use the unauthorized access devices to charge purchases at fictitious restaurants, including Robertson Steak.

15.     It was further part of the conspiracy that the defendants and others would and did create credit card sales receipts purportedly for the processing of credit card payments due and owing to Robertson Steak and share in the proceeds.

16.     It was further part of the conspiracy that the defendants and others would and did withdraw funds deposited by Moneris into an account at Citizens Bank and Trust, which were the proceeds of transactions utilizing unauthorized

4

access devices, and would and did mail and caused to be mailed packages transferring the funds to the UPS Store.

17. It was further part of the conspiracy that the defendants and others would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purposes of the conspiracy and the acts committed in furtherance thereof.

## D. Overt Acts

18. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

a. On or about April 9, 2014, CHARLES C. BARNES submitted a merchant application to Moneris to open a credit card processing account in the name of RB76 NN8 LLC purportedly doing business as Robertson Steak.

b. In or about April of 2014, CHARLES J. PEDOTO provided a fictitious Massachusetts identification card in the name of Francis P. Rosen to establish a mailbox service with the UPS Store.

c. In or about April of 2014, CHARLES J. PEDOTO, using the name Francis Rosen, picked up packages at the UPS Store which contained the money proceeds of the fraudulent activity described herein.

d. From on or about April 12, 2014, through on or about April 23, 2014, CHARLES C. BARNES submitted Visa and Mastercard credit card charges to Moneris as charges purportedly due and owing to Robertson Steak

totaling approximately $80,395.16.

e.      On or about May 9, 2014, CHARLES J. PEDOTO possessed numerous credit card receipts depicting multiple separate charges involving a different credit card number for each charge purportedly made at Robertson Steak.

f.      On or about May 9, 2014, CHARLES J. PEDOTO possessed a white plastic card with a magnetic strip on the back which had two credit card numbers encoded on the card.

g.      On or about May 14, 2014, CHARLES C. BARNES possessed more than 50 stolen credit and debit account numbers and information pertaining to the original account holders.

In violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH EIGHT

### Access Device Fraud – 18 U.S.C. § 1029(a)(1)

19.      On or about the dates listed below, in the Middle District of Florida and elsewhere,

**CHARLES C. BARNES and
CHARLES J. PEDOTO,**

the defendants herein, did knowingly and with the intent to defraud, produce, use, and traffic in the counterfeit access devices described below, aiding and abetting each other and others in the production, use, and trafficking of the counterfeit access devices described below, and attempted to produce, use and traffic in the counterfeit access devices described below, said production, use

6

and trafficking affecting interstate commerce in that the credit and debit card account numbers associated with the counterfeit credit cards were issued by financial institutions headquartered outside the State of Florida and were used or attempted to be used at a fictitious restaurant purportedly located in Wisconsin, with credit card charges being processed through a credit card processing company located outside the State of Florida:

| Count | Date | Victim | Account Number | Amount |
|-------|------|--------|----------------|--------|
| Two | April 13, 2014 | R.M. | Visa ending in -9209 | $138.59 |
| Three | April 13, 2014 | J.R. | Visa ending in -6150 | $126.91 |
| Four | April 13, 2014 | D.L. | Visa ending in -5955 | $254.71 |
| Five | April 15, 2014 | H.P. | MasterCard ending in -0990 | $158.53 |
| Six | April 16, 2014 | A.M. | Visa ending in -7686 | $183.22 |
| Seven | April 16, 2014 | M.N. | Visa ending in -6026 | $252.78 |
| Eight | April 17, 2014 | J.R. | Visa ending in -6150 | $213.18 |

In violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

### COUNT NINE

**Possession of Access Fraud Devices – 18 U.S.C. § 1029(a)(3)**

20.	On or about May 14, 2014, in Collier County, in the Middle District of Florida,

**CHARLES C. BARNES,**

the defendant herein, did knowingly and with intent to defraud, possess fifteen or more devices which are counterfeit and unauthorized access devices, said

possession affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3), 1029(c)(1)(A)(i), and 2.

### COUNTS TEN THROUGH FIFTEEN

### Aggravated Identity Theft – 18 U.S.C. § 1028A

21.     On or about the dates listed below, in the Middle District of Florida and elsewhere,

**CHARLES C. BARNES and
CHARLES J. PEDOTO,**

the defendants herein, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, and aided and abetted one another and others in the transfer, possession and use, without lawful authority, of a means of identification of another person, specifically a counterfeit credit card with an account number belonging to another person, during and in relation to the felony offense of conspiracy to commit access device fraud and access device fraud, in violation of Title 18, United States Code, Sections 371, 1029(a)(1) and 1029(b)(2):

| Count | Date | Victim | Account Number | Amount |
|---|---|---|---|---|
| **Ten** | April 13, 2014 | R.M. | Visa ending in -9209 | $138.59 |
| **Eleven** | April 13, 2014 | J.R. | Visa ending in -6150 | $126.91 |
| **Twelve** | April 13, 2014 | D.L. | Visa ending in -5955 | $254.71 |
| **Thirteen** | April 15, 2014 | H.P. | MasterCard ending in -0990 | $158.53 |

| Fourteen | April 16, 2014 | A.M. | Visa ending in -7686 | $183.22 |
| Fifteen | April 16, 2014 | M.N. | Visa ending in -6026 | $252.78 |

In violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE

1. The allegations contained in Counts One through Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2) and (a)(8), and 1029(c)(1)(C).

2. Upon their conviction for any or all of the violations alleged in Counts One through Nine of this Indictment, the defendants,

**CHARLES C. BARNES and
CHARLES J. PEDOTO,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations. They shall also forfeit, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used, or intended to be used to commit the offense.

3. The specific property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the offense.

9

4.    If any of the property described above, as a result of any act or omission of the defendants:

   a.  Cannot be located upon the exercise of due diligence;

   b.  Has been transferred or sold to, or deposited with, a third party;

   c.  Has been placed beyond the jurisdiction of the court;

   d.  Has been substantially diminished in value; or

   e.  Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b) and 1029(c)(2).

A TRUE BILL,

_____5/27/15_____
Date

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Yolande G. Viacava
Assistant United States Attorney
Trial Counsel

By: _____
Michael Baggé-Hernández
Assistant United States Attorney
Forfeiture

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

11

No. 2:15-cr-      -FtM-

# UNITED STATES DISTRICT COURT

Middle District of Florida
Fort   Myers Division

THE UNITED STATES OF AMERICA

vs.

CHARLES C. BARNES and
CHARLES J. PEDOTO

## INDICTMENT

Violations:

18 U.S.C. §§ 371, 1029(a)(2), 1029(a)(3), 1028A, and 2
18 U.S.C. § 1029(c)(1)(C) (Forfeiture)

A true bill,

_Jenée Waddell_____
                Foreperson

Filed in open court this 27th day

of May, 2015.

_____
                Clerk

Bail   $_____